UNITED STATES COURT OF APPEALS

**Filed 8/29/96**

FOR THE TENTH CIRCUIT

DOROTHY R. JONES,

     Plaintiff-Appellant,

v.

     No.  95-5242
     (D.C. No. 94-C-372-W)

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

     (N.D. Okla.)

     Defendant-Appellee.

ORDER AND JUDGMENT[**]

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security.  P.L. No. 103-296.  Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before TACHA, ALDISERT,[***] and BALDOCK, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant Dorothy R. Jones appeals the district court's order affirming the decision of the Secretary of Health and Human Services denying her applications for social security disability insurance and supplemental security income benefits.  We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 and affirm.

Claimant's applications were denied initially and on reconsideration.  She subsequently requested and received a hearing before an administrative law judge (ALJ).  At the hearing, the ALJ heard testimony from claimant and Cheryl Mallon, a vocational expert.  Applying the five-step evaluation sequence, see Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988)(discussing the five steps in detail), the ALJ concluded the analysis at step four, determining that claimant had the residual functional capacity to return to her past relevant work as

_____

[***]    Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

-2-

a janitor, housekeeper, or electronics assembler. The Appeals Council denied review. The district court affirmed the decision of the Secretary, claimant appeals, and we affirm.

At step four, claimant bears the burden of establishing that she is unable to return to her past relevant work. See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800-01 (10th Cir. 1991). We may neither reweigh the evidence nor substitute our judgment for that of the Secretary. Id. at 800.

Claimant is a forty-five-year-old woman with a high school education and vocational training in electronics and as a nurses' aide. She last worked in January 1991, when she sustained on-the-job injuries to her neck, shoulder, and back while working as a janitress for a building maintenance company. Claimant alleges that these injuries, plus arthritis, diabetes mellitus, gastroenteritis, and chronic obstructive pulmonary disease, prevent her from working.

The ALJ concluded that, although claimant suffers from severe impairments, she did not have an impairment or combination of impairments which meets or equals the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ concluded that claimant retained the residual functional capacity to perform work at the medium exertional level, limited to occasional bending, squatting, crawling, and climbing, and therefore could return to her past relevant work as a janitor, housekeeper, or electronics assembler.

On appeal, claimant argues that (1) the ALJ erred in failing to consider the report of Dr. Richard D. Cooper as substantial evidence of her disability, (2) the ALJ's determination that claimant had the residual functional capacity to perform her past relevant work, as she actually performed it, was not supported by substantial evidence, and (3) the ALJ erred in finding claimant's testimony not credible. Claimant, who was represented by counsel, did not raise these issues in the district court. Because there are no "compelling reasons" to consider these waived arguments on appeal, we decline to do so. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

Claimant also argues that the ALJ improperly relied on the report of consulting physician Dr. E. Joseph Sutton, II, which claimant alleges was incomplete and defective. Because this argument was raised in the district court

and thoroughly discussed by the magistrate judge in his order of September 14, 1995, it is properly before this court for review.

Claimant alleges that, contrary to the requirements of 20 C.F.R. § 404.1519n, Dr. Sutton spent only ten to fifteen minutes with her, did not review her medical records, and did not take x-rays.[1]  She contends that these omissions rendered Dr. Sutton's report incomplete, defective, and lacking in substantial evidence to support the ALJ's denial of benefits.

We agree with the magistrate judge that it was clear from Dr. Sutton's report that he had reviewed claimant's medical history.  Dr. Sutton completed a residual functional capacity evaluation which was supported by the findings in his report.  His report indicates that the time spent with claimant was adequate and, contrary to claimant's allegation, there was no indication that further x-rays were warranted.

The magistrate judge also noted that claimant had not sought consistent medical treatment, creating gaps in her medical records.  In addition to Dr. Sutton's report, however, the ALJ considered an examination by Dr. Cooper, another consulting physician, performed eleven months after claimant's injury;

---

[1]     20 C.F.R § 404.1519n(a)(1) and (2) provide that a "[c]omprehensive general medical examination" should last at least thirty minutes, and a "[c]omprehensive musculoskeletal or neurological examination" should last at least twenty minutes.  Section 404.1519n(b) sets forth the preferred content of the examination report.

the medical notes of Dr. Reed, the physician who treated claimant at the time of her injury; and various other medical examinations sought for essentially transitory problems.

Therefore, it is clear that the ALJ considered all of the medical evidence as well as claimant's testimony before concluding that she was capable of performing her past relevant work. The ALJ's decision was supported by substantial evidence. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Ruggero J. Aldisert
Senior Circuit Judge